a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL WAYNE KIBBLE, Petitioner | CIVIL DOCKET NO. 1:19-CV-776-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Michael Wayne Kibble ("Kibble") (#11824-041). Kibble is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Kibble challenges the legality of his sentence.

Because Kibble cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

Kibble pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 15-cr-257, D. Minn.). He was sentenced to the mandatory minimum of 180 months of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Case No. 15-cr-257, D. Minn.; Doc. 41).

At the time of the offense, Kibble was on supervised release in Minnesota for two federal convictions for "Aiding and Abetting Hobbs Act Robbery" and "Aiding and

Abetting the Use of a Firearm in a Crime of Violence." (Case No. 15-cr-257, D. Minn.; Doc. 35). According to the Pre-Sentence Report, Kibble's criminal history consisted of eight qualifying predicate ACCA convictions—the two federal convictions in the District of Minnesota, as well as six Minnesota first-degree aggravated robbery convictions. (Case No. 15-cr-257, D. Minn.; Doc. 35). In the plea agreement, Kibble stipulated that he had at least three prior convictions for a "violent felony," as defined by § 924(e)(2)(B), and was subject to an enhanced sentence under § 924(e) as an armed career criminal. (Case No. 15-cr-257, D. Minn.; Doc. 21, p. 3).

Relying on Mathis v. United States, 136 S.Ct. 2243 (2016), Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), Kibble now argues that his prior state convictions for aggravated robbery are not predicate offenses under the ACCA. (Doc. 1).

II. **Law and Analysis**

Kibble seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. 18 U.S.C. § 922(g). Offenders may be sentenced to a term of imprisonment of up to 10 years. 18 U.S.C. § 924(a)(2). However, if the offender has three or more earlier convictions for a "serious drug offense" or a "violent felony," the ACCA increases the prison term to a minimum of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B); Johnson, 135 S.Ct. at 2555-56.

Subsection (i) of the ACCA is known either as the "force clause," United States v. Lerma, 877 F.3d 628, 630 (5th Cir. 2017), or as the "elements clause," United States v. Taylor, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The four offenses listed in subsection

(ii) are referred to as the "enumerated offenses," see United States v. Davis, 487 F.3d 282, 285 (5th Cir. 2007), or collectively as the "enumerated offenses clause," Taylor, 873 F.3d at 477 n.1.  The remainder of the subsection is known as the "residual clause."  Johnson, 135 S.Ct. 2555-56.

In Johnson, the Supreme Court found the residual clause of the ACCA unconstitutionally vague.  In Dimaya, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16, which closely resembled the definition of "violent felony" in the residual clause of the ACCA, was also unconstitutionally vague.  Dimaya, 138 S. Ct. at 1210.  After Johnson, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause.  United States v. Moore, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

Neither Johnson nor Dimaya render Kibble's sentence unconstitutional, because the Minnesota aggravated robbery convictions are violent felonies under the "force clause," not the "residual clause" of the ACCA.  See United States v. Robinson, 925 F.3d 997, 999 (8th Cir. 2019) (citing United States v. Libby, 880 F.3d 1011 (8th Cir. 2018) (Minnesota simple robbery—and, as a result, the greater offense of first-degree aggravated robbery—qualifies as a "violent felony" under the ACCA)); United States v. Walker, 18-3427, 2019 WL 2760160 (8th Cir. July 2, 2019) (prior convictions for Minnesota aggravated robbery qualify as violent felonies under the ACCA); Douglas v. United States, 759 F. App'x 554, 555 (8th Cir. 2019) (two prior Minnesota convictions for first-degree aggravated robbery qualified as violent felonies for

4

purposes of section 924(e)); United States v. Henderson, 744 F. App'x 329, 330 (8th Cir. 2018) (holding that because first-degree aggravated robbery in Minnesota is a predicate offense under the ACCA, it is also a predicate offense under the career-offender provisions of the United States Sentencing Guidelines).

Additionally, a claim that a petitioner is innocent of the career offender enhancement under the ACCA does not fall with the savings clause of § 2555(e). See Walker v. Edge, No. 17-41142, 2018 WL 4223501 (5th Cir. Sept. 5, 2018) ("[b]ecause Mathis implicates the validity of a sentence enhancement, Mathis does not establish that [the petitioner] was convicted of a nonexistent offense," and he thus did not meet the requirements of the savings clause of § 2555(e)); Carter v. Blackmon, 732 F. App'x 268, 269 (5th Cir. 2018) (petitioner not entitled to proceed under the savings clause on a claim regarding ACCA sentencing enhancement based on Mathis). Mathis did not announce a new rule of law made retroactively applicable to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion that relied on Mathis because Mathis did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review). Therefore, Kibble cannot use Mathis to satisfy the savings clause.

Because Kibble cannot establish that a retroactively applicable Supreme Court decision establishes he may have been convicted of a nonexistent offense, he cannot meet the requirements of the savings clause of § 2255(e).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Kibble's § 2241 Petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Kibble's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed without prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __19th__ day of July 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE